FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 23  PM 12: 42

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

ANDREW J. JOSEPH, JR.          **CIVIL ACTION**

VERSUS          **NO.  05-3315**

KEITH SMITH, WARDEN          **SECTION "I"(2)**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).



for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Andrew J. Joseph, Jr., is incarcerated in the Avoyelles Parish Detention Center in Marksville, Louisiana.[2]  On February 13, 2001, Joseph was charged by bill of information in Jefferson Parish with possession with intent to distribute cocaine.[3]

The matter was set for jury trial for March 26, 2002, at which time Joseph withdrew his former plea of not guilty and entered a plea of guilty pursuant to State v. Crosby, 338 So.2d 584 (La. 1976).[4]  He also pleaded guilty to the multiple offender bill filed by the State that same day.[5]  The state trial court sentenced Joseph as a multiple

---

[2]Rec. Doc. No. 3.  Joseph incorrectly identified the prison as the Marksville Main Jail.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 2/13/01.

[4]St. Rec. Vol. 1 of 3, Guilty Plea Minutes, 3/26/02; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 3/26/02; St. Rec. Vol. 2 of 3, Plea Transcript, 3/26/02.  Under Louisiana law, a Crosby plea allows the defendant to reserve the right to appeal the denial of his motion to suppress.

[5]St. Rec. Vol. 1 of 3, Multiple Bill, 3/26/02; Guilty Plea Minutes, 3/26/02; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 3/26/02; St. Rec. Vol. 2 of 3, Plea Transcript, 3/26/02.

2

offender to 15 years imprisonment to run concurrently with the sentences in 13 other criminal cases.[6]

While his direct appeal was pending, Joseph filed two motions in the state trial court seeking reconsideration of his guilty plea and sentence.[7] The motions were denied by the trial court on December 4, 2002 and January 24, 2003.[8]

On appeal to the Louisiana Fifth Circuit Court of Appeal, Joseph's counsel argued that the trial court erred in denying the defense motions to suppress, for a continuance to obtain an expert witness, and in limine to preclude the State from using its expert at trial.[9] The Louisiana Fifth Circuit affirmed the conviction on January 14, 2003, finding that Joseph had failed to preserve the issues for appeal as required under Crosby.[10]

Joseph's counsel filed a timely[11] writ application to the Louisiana Supreme Court arguing that the appellate court erred in failing to rule on the merits of Joseph's claims

---

[6]St. Rec. Vol. 1 of 3, Guilty Plea Minutes, 3/26/02; St. Rec. Vol. 2 of 3, Plea Transcript, 3/26/02.

[7]St. Rec. Vol. 1 of 3, Motion for Late Reconsideration of Sentence, 11/26/02; Ex Parte Motion and Ex Parte Injunction Pursuant to La. Code Crim. P. 902, 1/10/03.

[8]St. Rec. Vol. 1 of 3, Trial Court Order, 12/4/02; Trial Court Order, 1/24/03.

[9]State v. Joseph, 839 So.2d 103, 104 (La. App. 5th Cir. 2003); St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 02-KA-717, p. 3, 1/14/03.

[10]Id., 839 So.2d at 106; St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 02-KA-717, p. 6, 1/14/03. The court also determined that failure to designate his sentence to be without benefit of parole, probation or suspension of sentence was not significant since the benefit restriction was by operation of law.

[11]La. Code Crim. P. art. 922(C); La. S. Ct. R. X§5(a).

on direct appeal.[12]  The Louisiana Supreme Court granted the application on May 16,

2003, and directed the appellate court to consider one of Joseph's claims, that the motion

to suppress evidence should have been granted.[13]

On remand, the Louisiana Fifth Circuit considered Joseph's Fourth Amendment

claim that the evidence should have been suppressed.[14]  The court held that there was

probable cause for Joseph's stop and arrest and to search and seize the evidence.  The

court again affirmed the conviction on June 27, 2003.

The conviction became final 30 days after his conviction was affirmed, Sunday,

July 27, 2003, or the next business day, Monday, July 28, 2003, because Joseph did not

seek rehearing or file for timely review in the Louisiana Supreme Court.[15]  Roberts v.

Cockrell, 319 F.3d 690 (5th Cir. 2003) (an appeal is final when the state defendant does

not timely proceed to the next available step in an appeal process); McGee v. Cain, 104

Fed. Appx. 989, 991 (5th Cir. 2004).

---

[12]St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2003-K-315, 1/30/05; St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Writ Application, 03-K-315, 1/30/03 (hand delivered).

[13]State v. Joseph, 847 So.2d 1196, 1197 (La. 2003); St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Order, 2003-K-315, 5/16/03.

[14]State v. Joseph, 850 So.2d 1049, 1054 (La. 2003); St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 02-KA-717, p. 8, 6/27/03.

[15]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a), petitioner had 30 days from the issuance of the state appellate court's opinion to file a timely writ application in the Louisiana Supreme Court, which he did not do.

Two weeks later, on August 12, 2003, Joseph filed with the state trial court a motion to modify his sentence.[16]  The state trial court denied the motion in part as repetitive of the motion to reconsider sentence resolved in 2002.[17]  The court denied without prejudice the remainder of the motion noting that Joseph failed to raise the substantive challenges to his conviction on the form required for filing an application for post-conviction relief as required by La. Code Crim. P. art. 926.

Seven months later, on March 26, 2004, Joseph filed another motion for modification of his sentence and a request for other injunctive relief.[18]  The state trial court denied the motion and request for injunctive relief as repetitive on March 31, 2004.[19]

On September 29, 2004, Joseph filed an untimely[20] writ application, that had been postmarked on August 27, 2004, in the Louisiana Supreme Court seeking review of the

---

[16]St. Rec. Vol. 1 of 3, Supplemental Motion for Modification of Sentence, 8/12/03.

[17]St. Rec. Vol. 1 of 3, Trial Court Order, 8/14/03.

[18]St. Rec. Vol. 1 of 3, Supplemental Motion for Modification of Sentence, 3/26/04; Petition and Order for Writ of Habeas Corpus ad Prosequendum, 3/26/04.

[19]St. Rec. Vol. 1 of 3, Trial Court Order, 3/31/04.

[20]See La. Code Crim. P. art. 922(C); La. S. Ct. R. X§5(a).  His filings were also postmarked on August 27, 2004, well beyond any such 30 day period. St. Rec. Vol. 1 of 3, La. S. Ct. Clerk's Letter, 2004-KH-2404, 9/29/04 (post marked 8/27/04).

5

Louisiana Fifth Circuit's June 27, 2003 order affirming his conviction on direct appeal.[21] Joseph asserted the following claims: (1) The appellate court denied him adequate review of his claim that the motion to suppress evidence should have been granted. (2) His counsel was ineffective because he failed to specify the pretrial rulings to be preserved for appeal upon entry of the Crosby plea. (3) The conviction was obtained by use of an in-court misidentification by a State witness.

The Louisiana Supreme Court denied the application without reasons on June 17, 2005.[22]

II.    FEDERAL HABEAS PETITION

On August 22, 2005, Joseph filed a petition for federal habeas corpus relief seeking relief on the following grounds:[23] (1) The conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. (2) His counsel was ineffective because he failed to specify the pretrial rulings to be preserved for appeal upon entry of the Crosby plea. (3) The conviction was obtained by use of an in-court misidentification by a state witness.

---

[21]St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Writ Application, 04-KH-2404, 9/29/04. On page (i) of the application, Joseph indicates his desire for review of the appellate court's 2003 decision.

[22]State ex rel. Joseph v. State, 904 So.2d 686 (La. 2005); St. Rec. Suppl. Vol. 1 of 1, La. S. Ct. Order, 2004-KH-2404, 6/17/05.

[23]Rec. Doc. No. 3, Memorandum in Support.

The State responded to Joseph's federal petition by alleging that the petition is not timely filed, Joseph has not exhausted state court remedies, and the ineffective assistance of counsel and misidentification claims are procedurally barred from federal review.[24]

III.   STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[25] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Joseph's petition, which, for reasons discussed below, is deemed filed in this court on July 12, 2005.[26]

---

[24]Rec. Doc. No. 6.

[25]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[26]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Joseph's petition on August 22, 2005, when the filing fee was paid.  Joseph, however, signed the petition on July 12, 2005, which is the earliest date he could have submitted it to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  See Cousin v. Lensing, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

For the following reasons, I find that Joseph's petition is not timely filed under the AEDPA and must be dismissed with prejudice for that reason.  In light of this recommendation, the court need not address the State's exhaustion and procedural bar defenses.

IV.    STATUTE OF LIMITATIONS

Section 2244(d)(1) of the federal habeas statute requires that a petitioner bring his Section 2254 claims, among other things not relevant here, within one year from the date of finality of the judgment of conviction.[27]  Joseph's conviction became final on Sunday,

---

[27]Specifically, Section 2244(d) provides:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8

July 27, 2003, or the next business day, Monday, July 28, 2003, which was 30 days after his conviction was affirmed by the Louisiana Fifth Circuit. Affording Joseph every benefit, the conviction is considered final for purposes of this report on July 28, 2003.

Thus, literal application of the statute would bar Washington's Section 2254 petition as of July 28, 2004. As discussed at footnote 26 above, under the federal mailbox rule, his federal petition is deemed filed on July 12, 2005, almost one year after the deadline imposed by the AEDPA, and it must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 125 S. Ct. at 1814-15; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Joseph has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).[28]

---

[28]Joseph's petition was filed in this court before the suspension of deadlines and time periods instituted by the court in the aftermath of Hurricane Katrina. Although the State's response was filed

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

---

after the suspension period, application of the statute of limitations to Joseph's petition involves time periods well prior to the storm. Therefore, the disruptions caused by the hurricane are irrelevant to the AEDPA timeliness calculation in this case.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though

filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001

WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty

plea is "other collateral review"). A "pertinent judgment or claim" requires that the state

filings for which tolling is sought must have challenged the same conviction being

challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition. Godfrey v.

Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

Thus, as outlined above, the one-year AEDPA limitations period began to run in

Joseph's case on July 29, 2003, the day after his conviction is considered final. The

federal limitations period ran for 14 days until Joseph filed a motion to modify his

sentence in the state trial court on August 12, 2003. The motion remained pending until

September 13, 2003, which was 30 days after it was denied by the trial court and he did

not file for review in the appellate court.

The federal statute of limitations began to run again on September 14, 2003, for

another 194 days, until March 26, 2004, when Joseph filed another motion to modify his

sentence in the state trial court. The motion remained pending until April 30, 2004,

which was 30 days after it was denied by the trial court and he did not file for review in

the appellate court.

The federal statute of limitations period began to run again on May 1, 2004, and ran uninterrupted for the remaining 157 days until October 4, 2004, when it expired. Joseph had <u>no</u> properly filed state post-conviction or other collateral review proceedings pending during that period.

I am aware that Joseph filed a writ application in the Louisiana Supreme Court during that time period on September 29, 2004. However, as noted above, that filing was <u>un</u>timely under La. S. Ct. R. X§5(a) because it was filed and postmarked more than 30 days after the Louisiana Fifth Circuit's ruling affirming his conviction. Under federal habeas corpus law, this untimely filing <u>cannot</u> be considered in the tolling calculation under the AEDPA for the following reasons.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is <u>not</u> properly filed because it is untimely, and post-conviction review is <u>not</u> pending for purposes of AEDPA's statute of limitations and tolling doctrines. <u>Williams</u>, 217 F.3d at 309-11; <u>see</u> <u>Pace</u>, 125 S. Ct. at 1812. Rule X§5(a) requires that a writ application seeking review of an appellate court ruling be filed or postmarked within 30 days of the issuance of the appellate court's order. Joseph's writ application was filed September 29, 2004 and postmarked August 27, 2004.[29] The only prior decision of the Louisiana

---

[29]At St. Rec. Vol. 1 of 3, a Letter dated 9/29/04 of the Clerk of the Louisiana Supreme Court to Joseph in Case No. 2004-KH-2404, establishes the post mark date of 8/27/04.

14

Fifth Circuit was issued on June 27, 2003, more than one year before Joseph sought review in the Louisiana Supreme Court. Under this doctrine, Joseph cannot benefit from any tolling as a result of his improperly filed and extremely late writ application in the Louisiana Supreme Court.

Joseph's federal habeas corpus petition is deemed filed on July 12, 2005, which was nine months after the expiration of the one-year limitations period allowed under the AEDPA. Thus, Joseph's petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the petition of Andrew J. Joseph, Jr., for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United</u>

<u>Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _**23rd**_ day of January, 2006.


_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

16